IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                    No.  07-40069-01-SAC

JUAN CARLOS GARCIA,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's pretrial Motion for Discovery (Dk. 40), Motion to Suppress Evidence Seized from Cellular Phone (Dk. 41), Motion to Suppress Evidence (Dk. 42), and Motion to Compel Discovery Regarding Informants (Dk. 43).  The government has filed a consolidated response.  (Dk. 59).  The matter came before the court for hearing on October 17, 2007, at 10:00 a.m.  After hearing the parties' arguments and evidence, the court is ready to rule.

**INDICTMENT**

Juan Carlos Garcia is named in four counts of an eight-count indictment charging drug trafficking offenses, firearm offenses, and managing a building for the purpose of storing or distributing drugs.  Count one charges him and others with conspiracy to distribute

methamphetamine and marijuana.  Count five charges the defendant and Hector Varela Solis with distribution of marijuana, and count six charges them with possession with the intent to distribute marijuana.  Count seven charges the defendant with managing or controlling a residence for the purpose of manufacturing, using, storing, and distributing a controlled substance.

**MOTION FOR DISCOVERY (Dk. 40)**

Based on the representations made at the hearing, the court agrees with defense counsel that this motion is moot.  The court denies the motion as moot.

**MOTION TO SUPPRESS EVIDENCE FROM DEFENDANT'S CELLULAR PHONE  (Dk. 41).**

Because the government has chosen to not contest this motion, the court grants the motion on this ground alone.

**MOTION TO SUPPRESS EVIDENCE (Dk. 42).**

The defendant seeks to suppress from evidence all items seized on May 3 and 4, 2007, from his residence at 621 Third Street and from a garage and premises at 219 Holland, both in Great Bend, Kansas, and from his pickup truck.  Search warrants were obtained and executed for each search in question.  The  defendant argues the supporting

affidavits are insufficient in that no criminal activity was witnessed at the defendant's residence on Third Street, that the information on 219 Holland was stale and not from a source whose reliability was shown, and that no nexus was established between the defendant's truck and any alleged criminal activity.  In short, the defendant argues the affidavits are an insufficient basis for a neutral and detached magistrate to have probable cause to believe evidence of drug trafficking would be found at the identified locations.  The defendant further contends the good faith exception cannot save the warrants, for the affidavits are so insufficient as to make a probable cause finding unreasonable.

The supporting affidavits, warrants and returns were admitted at the hearing.  Special Agent Matthew Lyon with the Kansas Bureau of Investigation testified at the hearing that the magistrate judge in issuing the warrants did not consider any oral testimony but was presented with only the written affidavits.

Probable cause to issue a search warrant exists when the facts and circumstances laid out in the supporting affidavit "would lead a prudent person to believe a fair probability exists that contraband or evidence of a crime will be found in a particular place." *United States v. Basham*, 268

F.3d 1199, 1203 (10th Cir.2001) (citing United States v. Wicks, 995 F.2d 964, 972-73 (10th Cir.), *cert. denied*, 510 U.S. 982 (1993)), *cert. denied*, 535 U.S. 945 (2002).  The task of an issuing judge is "to make a practical, common-sense determination" from the totality of the circumstances whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  The issuing judge is expected to draw reasonable inferences from the affidavits.  *See United States v. Edmonson*, 962 F.2d 1535, 1540 (10th Cir. 1992).

If the judge only considered a supporting affidavit in issuing the warrant, the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners.  *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 565 n. 8 (1971); *United States v. Beck*, 139 Fed. Appx. 950, 954, 2005 WL 1649310 (10th Cir. 2005).  In determining whether probable cause supports the search warrant, the court assesses the sufficiency of the underlying affidavit against the totality of the circumstances to ensure "the magistrate had a substantial basis for concluding that probable cause existed." *United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001) (internal citations and

quotations omitted), *cert. denied*, 534 U.S. 1153 (2002). "Searches conducted pursuant to a warrant are favored, and as such, the magistrate's determination that probable cause exists is entitled to great deference." *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005) (citations omitted).

The existence of probable cause is a "common-sense standard." *United States v. Wicks*, 995 F.2d at 972. "[P]robable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 U.S. at 232. Probable cause is more than a mere suspicion, but considerably less than what is necessary to convict someone. *United States v. Ventresca*, 380 U.S. 102 (1965). Probable cause "requires a nexus between suspected criminal activity and the place to be searched." *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990). Hearsay evidence may form the basis for a probable cause determination. *See, e.g., Jones v. United States*, 362 U.S. 257, 269 (1960) (the use of hearsay evidence is sufficient to establish probable cause "so long as a substantial basis for crediting the hearsay is presented.")

"[O]fficers are generally not required to second-guess the

5

magistrate's decision in granting a warrant." *United States v. Gonzales*, 399 F.3d at 1228-29. Consequently, even if a search warrant is ultimately found unsupported by probable cause, evidence seized pursuant to it will not be suppressed when the officers executing the warrant "acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate." *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000); *see United States v. Leon*, 468 U.S. 897, 922-23 (1984). "'Just as reviewing courts give 'great deference' to the decisions of judicial officers who make probable cause determinations, police officers should be entitled to rely upon the probable-cause determination of a neutral magistrate when defending an attack on their good faith for either seeking or executing a search warrant.'" *United States v. Soderstrand*, 412 F.3d 1146, 1153 (10th Cir. 2005) (quoting *United States v. Tuter*, 240 F.3d 1292, 1300 (10th Cir.), *cert. denied*, 534 U.S. 886 (2001)), *cert. denied*, 547 U.S. 1004 (2006).

In exercising the exclusionary rule, the court's "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Leon*, 468 U.S. at 923 n. 23. "In answering this question, the court should consider all

of the circumstances and assume that the executing officers have a 'reasonable knowledge of what the law prohibits.'" *United States v. Riccardi*, 405 F.3d 852, 863 (10th Cir.) (quoting *Leon*, 468 U.S. at 919 n. 20), *cert. denied*, 546 U.S. 1083 (2005). The Supreme Court in *Leon* recognized situations in which officers relying on an invalid warrant could not benefit from the good faith exception to the exclusionary rule. 468 U.S. at 922-23. The defendant summarily argues one such situation here, that is, the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." 468 U.S. at 923; *United States v. Gonzales*, 399 F.3d at 1229. "In reviewing suppression motions, courts have the discretion to proceed directly to an analysis of the good-faith exception without first addressing the underlying Fourth Amendment question." *United States v. Danhauer*, 229 F.3d at 1005.

    The warrant affidavit for the defendant's residence on Third Street lays out the details involving a confidential informant's controlled purchase of marijuana from the defendant on May 3, 2007. With regard to this transaction, agents also recorded a telephone conversation, maintained surveillance from a distance, and monitored it with a transmitter

placed on the informant. The informant arranged in a telephone call to meet the defendant, but when the defendant did not arrive at the agreed location, the informant went to a trailer home on Third Street, which the agents knew from prior investigations was the defendant's residence. The defendant rode in the informant's vehicle when it left the residence. According to the informant, the defendant instructed him to drive to the alley behind the residence at 1407 Broadway. Once there, the defendant and the informant entered the garage, picked up an empty brown paper sack, and then walked to the back door of the house. When no one answered the defendant's knocking, he used his own key to unlock the door and enter the house. Garcia went into a particular room from which an older male then exited. This person then returned with a brown paper bag containing marijuana, and the informant gave the pre-recorded $1500 in currency to the defendant. The older male and the defendant told the informant that there were no more drugs in the house. The informant left without the defendant and drove to an arranged location where he turned over the marijuana and was debriefed by the agents.

        The warrant affidavits for the garage at 219 Holland and the pickup are identical and contain the same above information about the

controlled purchase of marijuana on May 3, 2007. They also include the following. The registered owner of the property at 219 Holland is Cecilia Garcia, the defendant's wife. Approximately three hours after the controlled purchase, the officers stopped a pickup being driven by the defendant and arrested him. The arresting officers found the pre-recorded currency used in the purchase on the defendant's person. Officers then went to 1407 Broadway and spoke to an occupant, Manuel Valdez, who answered the door. During the ensuing conversation inside the residence, officers saw in plain view a large amount of marijuana in another room. Officers arrested Valdez and seized this marijuana. Later that evening, the defendant agreed to speak with officers after being advised of his constitutional rights and signing a written waiver. In relevant part, the defendant said his wife's name was Cecilia and that the defendant still rents the garage at 219 Holland but that no drugs were there. Officers also interviewed Valdez who said the defendant had handed him the empty grocery sack and instructed him to place six packs of marijuana in it and give the sack to the informant. The affidavit also states a cooperating source advised officers that in 2005 Garcia stored cocaine in a horse stable and marijuana in a nearby garage by Hart's Corner in Barton County. The

same source also told officers that on September 13, 2005, one pound of marijuana was seen in Garcia's garage at 219 Holland. The source showed the special agent the two locations where drugs had been seen. The affidavit mentions another individual, identified as James Stickles, who told officers that in October of 2005 he was at this garage with Garcia and obtained cocaine, methamphetamine, and marijuana. Stickles said he observed approximately 200 pounds of cocaine in the garage. Stickles had made prior controlled buys for officers.

Probable cause to search a location does not depend on direct evidence or personal knowledge that evidence or contraband is located there. *United States v. Hargus*, 128 F.3d 1358, 1362 (10th Cir. 1997), *cert. denied*, 523 U.S. 1079 (1998). The affidavit need not aver that criminal activity actually occurred in that location. *See United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 874 (10th Cir. 1992). It is enough when the affidavit establishes a "nexus between the objects to be seized and the place to be searched" from which "a person of reasonable caution" would "believe that the articles sought would be found" there. *Hargus*, 128 F.3d at 1362. This nexus "may be established through . . . normal inferences as to where the articles sought would be located." *United*

*States v. Freeman*, 685 F.2d 942, 949 (5th Cir.1982).

The court finds not only that the affidavit establishes a sufficient link between the defendant's residence on Third Street and the described criminal activity but that a reasonably well-trained officer would have relied in objective good faith on the magistrate's authorization of the search. It was reasonable for the officers and the magistrate to believe there was a fair probability that additional evidence of criminal activity (*e.g.* firearms, drug paraphernalia, records of drug sales, pre-recorded currency used in drug buy just hours earlier, and other drugs) would be found inside the defendant's residence. Since the informant went to the defendant's residence and picked him up for the drug transaction, one can infer that the defendant was at his home when he arranged the drug deal. While the deal was completed at a different location, the defendant personally assumed control of the buy money making it probable that this money would accompany the defendant when he returned to his residence. *See United States v. Sparks*, 291 F.3d 683, 689-90 (10th Cir. 2002) (citing *United States v. Whitner*, 219 F.3d 289, 297-99 (3rd Cir. 2000) for its citation of "various cases and agreeing that evidence of involvement in the drug trade is likely to be found where drug dealers reside.")

The affidavit for the warrant on 219 Holland establishes that the defendant is regularly involved in drug trafficking and his mode of operation is to store the drugs at various locations which he owns or controls. Not only an unidentified cooperating source, but James Stickles, an individual who had made controlled buys for the Great Bend Police Department, told officers that they had seen drugs at this location approximately nineteen months earlier. The defendant's conclusory argument on staleness is refuted by the defendant's admission that he still owned the property, by the defendant's wife appearing as the registered owner of the property, by the defendant's continuous and ongoing trafficking of drugs, and by the defendant's practice and operation of using other locations, including garages, to store and distribute the controlled substances. The detail and length of the supporting affidavit demonstrates that it is not a "bare bones" affidavit and is not simply conclusory statements devoid of factual support. The defendant's motion to suppress is denied.

The affidavit for the warrant on the defendant's pickup is more than sufficient. The defendant was driving his pickup when he was stopped and arrested just three hours after the controlled buy. The arresting officers found a large sum of money on the defendant's person

including the pre-recorded currency.  As the defendant was arrested while driving the truck and evidence of the crime was found on the defendant, there is a fair probability that more evidence of drug trafficking activity would be found in the truck.

The supporting affidavits and the actual search warrants here are more than adequate to merit reasonable reliance by the officers executing the warrants.  The affidavits are complete and sufficient for establishing probable cause that drug trafficking evidence would be found at both locations and in the defendant's pickup.  The defendant's arguments are without merit and his motion to suppress is denied.

**MOTION TO COMPEL DISCOVERY REGARDING INFORMANTS (Dk. 43)**

At the hearing, the defendant's counsel said that she was satisfied with the government's response to this motion and that the court should consider this moot.  The court denies this motion as moot.

IT IS THEREFORE ORDERED that the defendant's Motion for Discovery (Dk. 40) is denied as moot;

IT IS FURTHER ORDERED that the defendant's Motion to Suppress Evidence Seized from Cellular Phone (Dk. 41) is granted as

uncontested;

  IT IS FURTHER ORDERED that the defendant's Motion to Suppress (Dk. 42) is denied;

  IT IS FURTHER ORDERED that the defendant's Motion to Compel Discovery Regarding Informant (Dk. 43) is denied as moot.

  Dated this 30th day of October, 2007, Topeka, Kansas.

        <u>s/ Sam A. Crow</u>
        Sam A. Crow, U.S. District Senior Judge